## FAILURE TO ENDORSE ON POLICY CHANGE OF BENEFICIARY.

Circuit Court of Cuyahoga County.

ANNA HEROLD v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA ET AL.

Decided, February 3, 1908.

*Life Insurance—Change of Beneficiary—When Effective Without Endorsement of Company.*

1.   Where a policy holder had sent his policy to the insurance company, requesting their endorsement upon it approving a change of beneficiary, but no such endorsement had been made at the death of the insured; *Held*: Equity will treat that as done which should have been done and give effect to the change.

2.   Where an injunction has been issued restraining the change of beneficiaries of an insurance policy, no change will be effective until said injunction is dissolved.

*J. A. Fogle*, for plaintiff in error.
*Horr & Lowenthal* and *F. E. Bruml*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The action below was an equitable interpleader by the defendant company to determine the lawful beneficiary of a policy of life

insurance as between two rival claimants, namely, Antonia Herold, mother of the insured, in trust for his two children, and the plaintiff, Anna Herold, his wife. The amount due upon the policy was paid into court and the contest is now solely between these rival claimants.

The facts having been pretty fully set forth in the pleadings, each claimant moved for judgment; the motion of the widow was denied, and that of the mother, as trustee, was granted. The dispute arises because of an attempted change of beneficiary made by the insured just before the death of Herold, whereby he sought to substitute his mother as trustee, as aforesaid, in place of his wife. To consummate this change, in accordance with the provisions of the policy, an endorsement thereon by the insurance company was necessary. The insured died pending the correspondence between him and the insurance company with respect to this change, and the endorsement was never made.

The petition in error complains that the judgment in favor of the mother, as trustee, was erroneously rendered, and prayed that this judgment may be reversed and judgment entered upon the pleadings for the plaintiff in error.

In support of her contention the plaintiff in error alleges four grounds:

1. That no change of the original beneficiary so long as she survived was possible under the terms of the policy; and this point we may say, in passing, appears not to be the true construction of that instrument.

2. No change of beneficiary was effected for lack of the necessary endorsement thereof upon the policy, as aforesaid; and on this point also we remark in passing, that equity in such cases will treat as done that which ought to have been done, and unless there be some other impediment in this behalf to the granting of the relief prayed for, the mere fact that the insurance company failed to do what the circumstances required it to do, when proper application in accordance with the policy was made, will not suffice to defeat the change of beneficiary, notwithstanding the intervening death of the insured. *Cooley's Briefs on Insurance,* page 3756.

3. The third ground urged is that the change of beneficiary applied for imposed upon the insurance company by the new and additional burden of seeing to the proper performance of the trust thereby sought to be created in behalf of the insured's children, and such change may not be consummated either in law or in equity without the consent of the insurance company, which in this case was withheld. But on this point we hold that the trust sought to be created was not of the character which imposes a duty to see to the ultimate application of the trust fund, and the insurance company by having paid this money into court, is acquitted of any further responsibility to the *cestui que trust* (represented herein by the guardian *ad litem*) even though the fund should be awarded and paid herein to the trustee for their benefit.

4. The fourth ground arises upon the alleged fact that the insured at the time he sought to make the change of beneficiary did so in violation of a subsisting injunction in an action then pending between him and his wife. This allegation in the answer and cross-petition of the plaintiff in error is denied in the reply of the adverse claimant, and therefore, if the point is meritorious, no judgment on the pleadings should have been rendered.

The point made is, that inasmuch as it requires affirmative relief in equity to enable Antonia Herold, trustee, to recover as the substituted beneficiary under the policy with respect to which the attempted change of beneficiary had not been fully consummated in contemplation of law, such affirmative relief of equity will be denied when such change could not have been attempted or consummated without violation of a subsisting order of a court of equity forbidding the doing of that very thing. This point we hold to be well taken, and the judgment of the court of common pleas is accordingly reversed and the cause remanded for trial of this issue.